IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE JUSTICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00294 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| T. LOWE, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) |       United States District Judge |
| Defendants. | ) | |

Plaintiff Johnnie Lee Justice, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, claiming that he was denied due process in connection with a prison disciplinary hearing. Having reviewed the complaint, the court concludes that Justice has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint under 28 U.S.C. § 1915A(b)(1).

I.

Justice is incarcerated at Keen Mountain Correctional Center ("KMCC"). (Compl. 3 [ECF No. 1].)[1] At all times relevant to this case, Defendant T. Lowe was a Disciplinary Hearing Officer at KMCC, and Defendant C. Davis was the Warden of KMCC. (*Id.* at 4.)

On March 19, 2020, Justice was locked out of his cell after returning from the dining hall. (*Id.* at 6.) Because inmates had already been ordered to lock down, Justice was charged with the disciplinary offense of "being in an unauthorized area." (*Id.* at 6.)

---

[1] The page numbers in the court's citations to the complaint refer to those assigned by the CM/ECF system.

Justice appeared for a disciplinary hearing before Lowe on March 26, 2020. (*Id.*) During the hearing, Justice argued that the incident at issue was not his fault and that he was not in an unauthorized area. (*Id.*) Justice explained that an officer in the control booth had secured his cell door before he was able to enter the cell and that he was standing in front of his cell waiting for the officer to open the door. (*Id.*) Despite this explanation, Lowe determined that Justice was guilty of the disciplinary charge and imposed a penalty of a "reprimand." (*Id.* at 7; *see also* Compl. Ex. D [ECF No. 1-1 at 5].) Davis subsequently refused to overturn the conviction on appeal. (*Id.* at 15–16.)

Justice claims that he was denied due process during the disciplinary proceedings. Relying on the Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539 (1974), Justice argues that Lowe did not provide an adequate explanation for the finding of guilt. (*See* Compl. 8–12.) Justice also contends that Lowe was incapable of being an impartial decisionmaker because Justice sued him previously. (*Id.* at 12–15.) Justice further alleges that the disciplinary conviction "can be used as a basis to deny Plaintiff parole and an institution job and wages, and to deny Plaintiff a transfer to a lesser security institution." (*Id.* at 11.) He seeks monetary damages, a declaratory judgment, and injunctive relief. (*Id.* at 18.)

## II.

The court is required to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Justice's complaint fails to state a plausible constitutional claim against either of the named defendants.

The Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. § XIV, § 1. To state a due process claim, "a plaintiff must first show that he has a constitutionally protected liberty or property interest, and that he has been deprived of that protected interest by some form of state action." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (internal quotation marks and citations omitted). Unless the plaintiff makes such showing, "the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional

right to 'due process' is simply not implicated." *Id.*; *see also Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) ("Without a protected liberty or property interest, there can be no federal procedural due process claim.") (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

In this case, Justice claims that he was not afforded all of the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the Supreme Court held that an inmate charged with a disciplinary violation implicating a protected liberty interest must receive: (1) advance written notice of the charges against him; (2) an opportunity to call witnesses and present evidence unless doing so would present an undue hazard; (3) a written statement describing the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. 418 U.S. at 563–71. These procedural protections apply only when a protected interest is affected. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). A prison disciplinary action does not implicate a liberty interest requiring due process safeguards unless it inflicts "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "inevitably affect[s] the duration of his sentence." *Id.* at 484, 487.

According to the complaint and its attached exhibits, Justice only received a reprimand as a result of the challenged disciplinary conviction. Courts have consistently held that a reprimand does "not rise to the level of an atypical or significant hardship" that would warrant due process protections. *Iwanicki v. Pa. Dep't of Corr.*, 582 F. App'x 75, 81 (3rd Cir. 2014); *see also Bloom v. McPherson*, 346 F. App'x 368, 373 (10th Cir. 2009) ("[W]e agree with the Seventh Circuit's conclusion that the Due Process Clause does not apply to a verbal reprimand because it does not involve the deprivation of a liberty interest.") (citing *Moore v. Pemberton*, 110 F.3d

22, 23 (7th Cir. 1997)); *Allah v. Woodson*, No. 7:15-cv-00311, 2016 WL 4468290, at *3 (W.D. Va. Aug. 24, 2016) ("I conclude that the sanction of a reprimand did not constitute an atypical or significant hardship on Allah in relation to the ordinary incidents of prison life. Therefore, Allah's allegations do not state a due process violation . . . ."). The court therefore concludes that the punishment imposed for the disciplinary infraction did not implicate a liberty interest requiring the procedural safeguards outlined in *Wolff*.

To the extent Justice alleges that the disciplinary conviction could affect future parole, employment, and classification decisions, his due process claim fares no better. "Because the decision whether to grant parole is a discretionary one [under Virginia law], 'a prisoner cannot claim entitlement and therefore a liberty interest in the parole release.'" *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (quoting *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991) (en banc)); *see also Greenholtz v. Inmates of the Neb. Penal. & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Likewise, "inmates generally have no liberty interest in holding a prison job or transferring to a particular correctional facility." *Barnes v. Anderson*, 8:20-cv-00100, 2020 WL 7351656, at *5 (D. Md. Dec. 15, 2020); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Due Process Clause does not protect a convicted inmate from being transferred to another facility within the state correctional system); *Ayers v. Campbell*, 267 F. App'x 176, 177 (3d Cir. 2008) (explaining that "due process violations are neither triggered by the loss of prison job, nor by the loss of the possibility of parole") (citations omitted).

In sum, Justice's complaint does not identify a protected liberty or property interest impacted by the disciplinary conviction at issue. And in the absence of a protected interest, an inmate is not entitled to the procedural protections outlined in *Wolff*.

To the extent Justice seeks to hold Davis liable in his supervisory capacity as Warden, "[i]t is well settled that there can be no supervisory liability when there is no underlying violation of the Constitution." *Phillips v. Bailey*, 337 F. Supp. 2d 804, 807 (W.D. Va. 2004) (citations omitted); *see Evans v. Chalmers*, 703 F.3d 636, 654 n.11 (4th Cir. 2012) ("Because we hold that all plaintiffs failed to state predicate § 1983 claims against the individual officers, we must hold that all plaintiffs have failed to state supervisory liability . . . claims."). Consequently, Justice's complaint fails to state a cognizable due process claim against Lowe or Davis.

## IV.

For the reasons stated, the court will dismiss Justice's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Justice.

**ENTERED** this 6th day of August, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE